IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MALIK ABDUL JAMERSON BEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:22-CV-988-P (BJ) |
| | § | |
| 396TH DISTRCT COURT, | § | |
| TARRANT COUNTY, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Malik Abdul Jameson Bey ("Plaintiff") has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Malik Abdul Jamerson Bey is the removing party Plaintiff. As best the Court can discern, Plaintiff lists as defendants the 396th District Court, Tarrant County, Texas and the State of Texas. Cover Sheet, ECF No. 1-1.

C.    LEGAL ANALYSIS

*Pro se* plaintiff Jamerson-Bey filed this removal action on November 2, 2022. ECF No. 1. The Court initially issued an Order and Notice of Deficiency directing Plaintiff to either pay the

applicable fees or file a completed in forma pauperis application. ECF No. 7. Plaintiff then filed a form application, but because that in-forma-paupers motion was wholly incomplete, the Court issued a Second Order and Notice of Deficiency, directing him to either pay the filing and administrative fees or file an amended IFP application with complete answers to each question in the long-form in-forma-pauperis application. ECF No. 15. The Court warned Plaintiff that his case could be subject to summary dismissal without further notice if he failed to timely comply. *Id.* That second deficiency order expressly informed Plaintiff that "[f]ailure to timely pay the filing and administrative fees or submit a fully completed application to proceed in forma pauperis, could result in the dismissal without prejudice of the case under Federal Rule of Civil Procedure 41(b)." ECF No. 15. Plaintiff has not responded. Because Plaintiff has wholly failed to pay the fees or file a fully completed in-forma-pauperis application, he has failed to comply with this Court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with this Court's deficiency orders, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that that all of Plaintiff's claims be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

SIGNED January 4, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3